NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SCOTT ANDREW JONES, II, *Plaintiff/Appellant*,

*v.*

BRUCE R. COHEN, *Defendant/Appellee*.

No. 1 CA-CV 25-0150

FILED 09-25-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-019314
The Honorable Joseph C. Welty, Judge

**AFFIRMED**

COUNSEL

Scott Andrew Jones II, Kingman
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Jennifer Rethemeier, Eleni C. Lugo, Connie Gould
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1        Scott Andrew Jones, II appeals from the superior court's dismissal of his civil complaint against the Honorable Bruce R. Cohen, the Maricopa County Superior Court judge who presided over Jones's pending criminal cases.  Jones has failed to comply with ARCAP 13 in his opening brief and therefore has waived any issues he attempts to present for review. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        While a criminal defendant in two matters, Jones filed a civil complaint against Judge Cohen.  He alleged that: (1) he handed Judge Cohen a document which established a trust and imposed duties on Judge Cohen; (2) Judge Cohen had been unjustly enriched as a result; and (3) appropriate relief would constitute specific performance and declaratory judgment.

¶3        Judge Cohen moved to dismiss, asserting judicial immunity and arguing the complaint failed to state a claim.  Judge Cohen further argued that the complaint was an impermissible horizontal appeal to the extent it sought to compel specific actions in Jones's criminal matters.

¶4        The superior court granted dismissal with prejudice, finding that: (1) Jones failed to state a claim upon which relief can be granted; (2) Judge Cohen was entitled to judicial immunity because the complaint arose from acts related to his exercise of judicial functions; and (3) the complaint's requested relief—seeking a specific outcome in Jones's criminal matters—constituted an improper horizontal appeal.

¶5        Jones timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**        A "party aggrieved by a judgment may appeal as provided under Arizona law and ARCAP." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (citation omitted). "An appellant who fails to make a 'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority.'" *Id.* (quoting *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013)). "Courts hold unrepresented litigants in Arizona to the same standards as attorneys and do not afford them special leniency." *Id.* (citing *Flynn v. Campbell*, 243 Ariz. 76, 83–84, ¶ 24 (2017)).

**¶7**        To the extent we understand his argument, Jones asserts that the superior court erred in dismissing his complaint. However, his opening brief does not comply with ARCAP 13(a). "Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question." *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (citing *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996)). The brief must include an argument containing the appellant's contentions about the issues presented, along with supporting reasons and citations to the authorities, statutes, and portions of the record on which he relies. ARCAP 13(a)(7).

**¶8**        Jones's brief contains none of these. He has therefore waived any issues he intended to submit for our review. *See Ramos*, 252 Ariz. at 522, ¶ 9 (applying waiver to all issues appellant "may have wished to submit for this court's review" based on appellant's failure to make a "bona fide and reasonably intelligent effort to comply with [ARCAP] 13").

## CONCLUSION

**¶9**        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR